Samuel H. Hoestadter, J.
The parties to a collective bargaining agreement submitted to arbitration their dispute concerning the correct application of the provisions of the agreement for overtime and invasion of rest period pay under the “ anti-pyramiding ” clause of the agreement. The application of this clause to the illustrative situation assumed for the purpose of the arbitration was for the determination of the arbitrator. The anti-pyramiding clause is not so clear that the interpretation placed on it by the arbitrator does violence to its language and thereby becomes a forbidden alteration or amendment of the collective agreement itself. The view taken by the arbitrator was certainly a permissible one and, therefore, within his competence. The illustration assumed the commencement of a rest period at the end of a day on which an employee had worked overtime and his return to work at his regular starting time on the day after his intervening day of rest; the 36 hours of prescribed rest were thus reduced by the overtime worked before the rest period began. The issue before the arbitrator was whether the rest period was curtailed by the *654 overtime work before the rest period began or by the return before the expiration of the full 36 hours of rest. The employer contended for the former interpretation by which the anti-pyramiding clause would have come into play. The union urged the second alternative, with consequent elimination of the impact of the anti-pyramiding clause and increased pay for the worker. The arbitrator adopted the latter view. The choice lay with the arbitrator to whom the parties referred their controversy. They are concluded by his award. The motion to vacate the award is accordingly denied and the cross motion to confirm the award is granted.
Settle order.